This is an appeal from an order confirming a sale of real estate made by administrator of the estate of Madlin Rickenbach, who died December 26, 1945, a resident of Sevier County, leaving an estate consisting of real property. For the purposes of this decision, it is agreed that the administrator Joseph Rickenbach well and truly performed his duties as such administrator, and that all legal and statutory requirements were complied with, up until the sale of the property.
On May 16, 1947, the administrator filed a petition in which he reported that after endeavoring for some time to find a purchaser, he had on the 15th day of May, 1947, sold the property to appellants Lynn A. Cloward and Mary E. Cloward, for the sum of $2,500 subject to confirmation by the court. In the petition the administrator requested the sale be confirmed. *Page 280 
Hearing on the petition to confirm the sale was set for the 26th day of May, 1947, at 10:00 A.M. and appropriate notice was given of the time and place of hearing. The matter came on for hearing at the stated time; however, appellants failed to appear. The reason for their non-appearance does not appear in the record. At the hearing the administrator testified to facts showing the sale was legally and fairly conducted and that the price offered by the appellants was the appraised price of the property. Upon the showing made the attorney for the administrator requested the court to confirm the sale. The court then announced there were others who anticipated bidding and asked for other bids. Mr. Van Oldroyd then announced in open court, "I bid $2,525.00."
In order to give appellants an opportunity to appear and protect their bid, the attorney for the administrator requested the court to continue the matter until 11:40 A.M. which the court consented to do. The administrator was requested to contact appellants, but was unable so to do. At 11:40 A.M. the court refused to grant another request for continuance, confirmed the sale to the respondent, and ordered the administrator to execute and deliver a deed to respondent. Respondents did not file or submit a written bid. Appellants by a petition to confirm, filed subsequently to the hearing, directed the court's attention to what they claim were the irregularities in the sale.
There is only one question presented by this appeal. That is, when the court calls for bids in open court, must a written bid be submitted to the court by a bidder 1 before the court is authorized to confirm the sale?
Section 102-10-25, U.C.A. 1943, provides:
"If the sale was unfair or the sum bid disproportionate to the value, or if it appears that a sum exceeding such bid by at least ten per cent, exclusive of the expenses of a new sale, may be obtained, the court may vacate the sale and direct another to be had. If an offer greater in amount than that named in the returnis made to the court in writing by a responsible person, the court may accept such offer and confirm the sale to such person, or order a new sale." (Italics ours) *Page 281 
Under this section the court is confronted with two situations. If the sale was unfair or the sum bid disproportionate to the value of the property, or it appears that a sum exceeding such bid by at least 10% exclusive of expenses of a new sale may be obtained, the court may vacate the sale and direct another be had. Or, if an offer greater in amount than that named in the return is made to the court in writing by aresponsible person, the court may accept such offer and confirm the sale to such person or order a new sale.
In interpreting this statute we are not permitted to read out any clause or any word whose meaning is clear, unambiguous and certain. 50 Am. Jur., Statutes, Par. 2 358, sets out the general rule with respect to giving effect to all parts of a statute, as follows:
"In the interpretation of a statute, the legislature will be presumed to have inserted every part thereof for a purpose, and to have intended that every part of a statute should be carried into effect. The maxim, `ut res magis, quam pereat,' requires not merely that a statute should be given effect as a whole, but that effect should be given to each of its express provisions. * * *"
We can see no escape from the plain wording of the statute. The only right of the court to confirm is when the offer is made to the court in writing. We are not here concerned with the reason for the legislative enactment as the legislative intent is clear and certain. Neither here are we concerned with a case involving waiver of the requirement or estoppel by the parties. These latter principles are matters that may be considered when, and if, they arise.
Respondents claim that the omission to submit a bid in writing is cured because the words, "I bid $2,525.00," appear in the reporter's transcript. This is, of course, not a compliance with the requirement that the bid be made in 3writing by a responsible person. When the Judge concluded that respondents' bid was the highest and best obtainable, he should have required the bid to be reduced to writing before confirming the sale. The section of the statute would then have been complied with. *Page 282 
The order appealed from is reversed with direction to reset and rehear the petition for confirmation. This opinion is not intended to limit the court, upon the rehearing, from receiving offers in writing from any responsible person, and confirming the sale to such bidder if the court so decides, or from ordering a new sale. Each party to bear his own costs.
McDONOUGH, C.J., and PRATT, WADE, and WOLFE, JJ., concur.